# STATE OF VERMONT

SUPERIOR COURT
Vermont Unit

ENVIRONMENTAL DIVISION
Docket No. 116-8-14 Vtec

| Hinsdale Trust Boundary Adjustment (After Remand) |
|---|

## ENTRY REGARDING MOTION

Title:       Motion for Reconsideration (Motion 1)
Filer:       Stephen Colvin
Attorney:    Pro Se
Filed Date:  December 1, 2014

Response in opposition filed on 12/11/2014 by Attorney James H. Ouimette for Appellant Clark W. Hinsdale, III.

**The motion is GRANTED.**

This appeal concerns a proposed boundary line adjustment to jointly owned parcels of land in the Town of Charlotte, Vermont ("Town"), the legal titles of which are held by Clark W. Hinsdale, III, as Trustee of the Clark Hinsdale, Jr. Testamentary Trust ("Applicant"). When the Town of Charlotte Planning Commission ("Planning Commission") denied Applicant's application to effectuate the boundary line adjustment, Applicant appealed to this Court.

In addition to Applicant, who is represented in these proceedings by James H. Ouimette, Esq., the Town has appeared and is represented by Joseph S. McLean, Esq. Stephen Colvin, owner of an abutting property, initially appeared in this proceeding as a self-represented litigant. After Applicant filed a motion seeking dismissal of Mr. Colvin as a party to this appeal, Attorney William F. Ellis filed a Notice of Limited Appearance on Mr. Colvin's behalf, solely for the purpose of responding to that dismissal motion.

We offer the following further background for the purpose of addressing Mr. Colvin's pending motion. During the initial telephone conference with all parties participating, held on September 29, 2014, the Court established certain pre-trial deadlines and ordered the parties to exhaust their efforts at resolving their disputes, including with the assistance of an independent, third-party mediator. The Court also set a post-mediation conference for November 24, 2014.

Applicant has represented that the parties immediately began settlement discussions, the result of which was that Applicant and the Town reached an agreement on conditions for approval of the boundary adjustment proposal. Applicant, through legal counsel, distributed a draft Stipulation and Order. In his December 1, 2014 motion for reconsideration, Mr. Colvin

indicated that he "was not contacted or provided with a copy of the proposed stipulation and order provided to the Court on November 17, 2014." (Mr. Colvin's Motion for Reconsideration at 1, filed Dec. 1, 2014). The record is clear, however, that Applicant sent Mr. Colvin a letter dated September 24, 2014 by email, informing Mr. Colvin of the draft settlement agreement and including a copy. (Applicant's Mem. in Opp'n to Mr. Colvin's Mot. for Recons., filed Dec. 11, 2014). Mr. Colvin's attorney acknowledges Mr. Colvin's receipt of this letter, indicating that prior to the scheduled mediation, "Mr. Colvin was informed that [Applicant] and the Town had entered into a stipulation approving the proposed boundary adjustment," but that Mr. Colvin continued to indicate his opposition to the boundary adjustment "and would not agree to the stipulation without additional concessions by [Applicant]." (Mr. Colvin's Mem. in Opp'n to Appellant's Mot. to Dismiss at 2, filed Dec. 29, 2014).

It is clear that Mr. Colvin received a copy of Applicant's draft Stipulation, since he communicated his displeasure and suggested further revisions to the proposed boundary adjustment. When Applicant determined that he could not accept Mr. Colvin's proposed revisions, one or more of the parties determined that they had reached an impasse and decided to cancel their scheduled mediation session. The post-mediation conference with the Court also did not occur.

Applicant and the Town filed their agreed-upon Stipulation and Order with the Court, which failed to indicate Mr. Colvin's continued opposition to the boundary adjustment. The undersigned, mistakenly believing that Mr. Colvin did not object to the Stipulation and Order, but rather for undisclosed reasons did not wish to sign it, signed the Stipulation and Order and closed this appeal. The Court filed the Order on November 19, 2014.

Within six business days of that filing, on December 1, 2014, Mr. Colvin (appearing pro se) submitted his objection to the Stipulation filed by Applicant and the Town and requested that the Court reconsider its November 19th Order. On December 11, 2014, Applicant filed his objection to Mr. Colvin's request and also filed his motion to dismiss Mr. Colvin as a party.[1] Applicant's motion came under advisement on January 9, 2015.

Our dismissal of the pending appeal was in error, since it was improper to adjudicate Applicant's appeal without all parties either agreeing to the settlement or having an opportunity to present evidence and challenge the evidence of others before a final determination is made. We therefore **RESCIND** our Order of November 19th and reinstate the pending appeal.

We do not, however, remove the Stipulation filed by Applicant and the Town from the record of this appeal. Both Applicant and the Town enjoy the same due process rights as those enjoyed by Mr. Colvin, including the right to present evidence of what they may have determined is a mutually-agreeable design for the proposed boundary adjustment. As the sponsor of the pending application, Applicant will continue to bear the burden of proof that their proposed revisions to the subdivision boundary line conform to the applicable provisions of the Town of Charlotte Land Use Regulations ("Regulations").

---

[1] Applicant's motion to dismiss Mr. Colvin as a party is the subject of a separate Entry order that is also issued today.

If Applicant fulfills his initial burden of producing evidence of conformance to those Regulations, then Mr. Colvin will be afforded the opportunity to present any admissible evidence that is relevant to the pending application. The Court will thereafter render its determination, based upon the admissible and relevant evidence presented.

We offer the following additional comments, all in the hope of adding some clarity and assistance for the parties as they prepare for this de novo trial.

The procedural history here is longer than the present Docket Number implies. An original application for an adjustment of Applicant's internal boundary line was the subject of a prior appeal to this Court; that appeal resulted in this Court's remand of the pending application to the Planning Commission, per the suggestion and consent of the parties, including the Town and Mr. Colvin. Upon remand, the Planning Commission considered the original application, plus additional materials submitted by Applicant and Mr. Colvin. When the Planning Commission denied the remanded application, Applicant appealed to this Court; that appeal became the subject of the pending appeal (Docket No. 116-8-14 Vtec).

Thus, when the Court conducts its de novo merits hearing in the pending appeal, we anticipate that the original application will be presented as evidence, together with any other evidence the parties wish to present and that the Court deems admissible. We caution that evidence or legal arguments that relate to a previously-approved development and use of Lot 1 will be the subject of relevancy and jurisdictional determinations.

**So ordered.**

Electronically signed on February 3, 2015 at Newfane, Vermont, pursuant to V.R.E.F. 7(d).

_____
Thomas S. Durkin, Judge
Environmental Division

Notifications:
James H. Ouimette (ERN 4732), Attorney for Appellant Clark Hinsdale Jr. Testamentary Trust
Joseph S. McLean (ERN 2100), Attorney for Interested Person Town of Charlotte
Interested Person Stephen Colvin, appearing pro se
William F. Ellis, Attorney on Limited Appearance for Stephan Colvin (FYI purposes only)